THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00003-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WILLIAM J. HILLIARD, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 56].

The Defendant, through counsel, moves the Court for leave to file the Reports prepared by Milton Kraft, MA, LPA, and Shaaron Boyles, MSW, LCSW, [Docs. 57-1, 57-2] under seal in this case. For grounds, counsel states that the reports contain confidential health information that is normally protected by the Health Insurance Portability and Accountability Act ("HIPAA"). [Doc. 56].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on June 11, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum and supporting exhibits in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the reports at issue here. As for other information a defendant seeks to seal, the Court should consider the privacy interests of individuals related to a criminal case without undermining the public interest in access to the judicial process, particularly including information material to understanding the case. Id. at 492. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. However, the more

significant the information to any relief a defendant seeks, the less likely it should be placed in the record under seal.

In the present case, the Defendant's Reports contain the identities of and information regarding his adult relationships, as well as personally identifiable information regarding minor children. However, the nature of some of those adult relationships are central to the Defendant's argument for leniency. The Reports also contain the Defendant's personal information regarding his mental health, personal history and background, as well as detailed personal disclosures. But this information, again, is central to the argument Defendant makes for leniency and forms the basis of the evaluations contained in the Reports. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved adult persons.

The Defendant has demonstrated that the Reports contain the identities of and information regarding minors, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. However, the portions of the Reports regarding the Defendant's mental health, personal history and background, as well as detailed personal disclosures, form the basis for the evaluations contained in the Reports and are central to the

3

argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Reports, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Reports are feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Reports under a provisional seal. However, the Defendant shall also file a publicly accessible version of the Reports redacting only those portions containing the identities of and information regarding minors.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 56] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Seal the Defendant's Reports [Docs. 57-1, 57-2] is **GRANTED** to the extent that the Reports shall remain provisionally under seal. The Motion to Seal is **DENIED** to the extent that the Defendant shall file a redacted version of the Reports on the public docket within fourteen (14) days.

**IT IS FURTHER ORDERED** that upon the filing of an appropriately redacted version of the Reports on the public docket, the unredacted Reports [57-1, 57-2] shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: June 26, 2020

Martin Reidinger
Chief United States District Judge